1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YAH APPIAH, *et al.*, | Case No. 21-cv-00737-BAS-AGS |
| Plaintiffs, | **ORDER:** |
| v. | **(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND** |
| BIG O TIRES, *et al.*, | |
| Defendants. | **(2) DISMISSING COMPLAINT UNDER RULE 8 AND FOR FAILURE TO STATE A CLAIM** |

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed 74 complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Case No. 21-cv-00757-BAS-AGS, Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (*Id.*, ECF No. 8.) Ms. Wentworth did not appear at the hearing. (*Id.*, ECF No. 10.)

This lawsuit is one of the several cases that the Court did not consolidate. Whereas most of the defendants in the consolidated cases appear to work for Ms. Wentworth's children's school district or other education-related entities, the defendants in this case

1   relate to automotive services.  For the following reasons, the Court grants Ms. Wentworth's

2   Motion to Proceed *In Forma Pauperis* and dismisses the Complaint because it does not

3   state a claim.

4   **I.      Motion to Proceed *In Forma Pauperis***

5          Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the

6   required fees or security to commence a legal action may petition the court to proceed

7   without making such payment.  The determination of indigency falls within the district

8   court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991)

9   (holding that "Section 1915 typically requires the reviewing court to exercise its sound

10   discretion in determining whether the affiant has satisfied the statute's requirement of

11   indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).  It is well-settled that a party

12   need not be completely destitute to proceed *in forma pauperis* ("IFP")—without paying

13   the filing fee.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  To

14   satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient

15   which states that one cannot because of his poverty pay or give security for costs . . . and

16   still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.  At

17   the same time, however, "the same even-handed care must be employed to assure that

18   federal funds are not squandered to underwrite, at public expense . . . the remonstrances of

19   a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple*

20   *v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

21          Having read and considered Ms. Wentworth's application, the Court finds that she

22   meets the requirements in 28 U.S.C. § 1915 for IFP status.  Ms. Wentworth says she and

23   her two dependent children—the other Plaintiffs—are homeless, and she provides only a

24   P.O. Box address.  (IFP Motion ¶¶ 8, 11, ECF No. 2.)  She lists no employment income or

25   financial assets.  (*Id.* ¶ 4.)  Under these circumstances, the Court finds that requiring Ms.

26   Wentworth to pay the court filing fees would impair her ability to obtain the necessities of

27   life.  *See Adkins*, 335 U.S. at 339.  And although the other two Plaintiffs do not file

28   individualized applications to proceed IFP, the Court construes Ms. Wentworth's

21cv0737

1   application as being filed on behalf of all Plaintiffs because she notes they are reliant on

2   her for support.  *See Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL

3   4316996, at \*1 (S.D. Cal. Oct. 27, 2010) (noting "although only one filing fee needs to be

4   paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must

5   qualify for IFP status").

6       Therefore, the Court **GRANTS** Ms. Wentworth's request to proceed without paying

7   the filing fee (ECF No. 2).

8   **II.    Screening of Complaint**

9       **A.    Rule 8**

10      Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and

11  plain statement of the basis for the court's jurisdiction, a short and plain statement of the

12  legal claims being asserted, and a demand for judgment for the relief sought.  Rule

13  8(d)(1) requires each allegation to be "simple, concise, and direct."  Rule 8 ensures that

14  each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which

15  it rests."  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  This rule "applies to

16  good claims as well as bad," and it is a reason for dismissing a complaint that is independent

17  of Rule 12(b)(6).  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

18      **B.    Failure to State a Claim**

19      A complaint filed by a plaintiff proceeding IFP is subject to screening under 28

20  U.S.C. § 1915(e)(2).  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

21  This provision requires the court to review the complaint and dismiss the action if it: "(i)

22  is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

23  seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

24  1915(e)(2).

25      To determine whether the action must be dismissed under the second ground—a

26  failure to state a claim—the court applies "the familiar standard of Federal Rule of Civil

27  Procedure 12(b)(6)."  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under this

28  standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

21cv0737

1  claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

2  2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Determining whether a

3  complaint states a plausible claim for relief [is] . . . a context-specific task that requires the

4  reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at

5  679.  The "mere possibility of misconduct" falls short of meeting this plausibility standard.

6  *Id.*

7       "When there are well-pleaded factual allegations, a court should assume their

8  veracity and then determine whether they plausibly give rise to an entitlement to relief."

9  *Iqbal*, 556 U.S. at 679.  Further, the court has an obligation where the plaintiff "is *pro se*,

10  particularly in civil rights cases, to construe the pleadings liberally and to afford the

11  [plaintiff] the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

12  2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  The court,

13  however, "may not supply essential elements of the claim that were not initially pled."  *Ivey*

14  *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Moreover,

15  "[v]ague and conclusory allegations of official participation in civil rights violations are

16  not sufficient."  *Id.*

17       If a *pro se* complaint fails to meet this standard, the court should not dismiss the

18  action "without leave to amend unless 'it is absolutely clear that the deficiencies of the

19  complaint could not be cured by amendment.'"  *Rosati*, 791 F.3d at 1039

20  (quoting *Akhtar*, 698 F.3d at 1212).

21       **C.    Plaintiffs' Allegations**

22       Plaintiffs seek to sue Big O Tires and a defendant identified only as "Owner" with

23  the same address.  (Compl. 2, ECF No. 1.)  They allege the grounds for jurisdiction are the

24  Civil Rights Act of 1964 and California's Unruh Civil Rights Act.  (*Id.* 3.)  The Complaint

25  is on a form that includes a "Statement of Claim" section for writing "a short and plain

26  statement of [each] claim."  (*Id.* 4.)  Under this section, Plaintiffs again list the Civil Rights

27  Act of 1964 and California's Unruh Civil Rights Act, as well as negligence, fraud, "racial

28  discrimination/harassment/aggression/provocation," and something concerning "Yelp."

1  (*Id.*)  They do not include the requested "short and plain statement of the claim," which

2  should state how Big O Tires or the other Defendant was involved and what each Defendant

3  "did that caused the plaintiff[s] harm or violated the plaintiff[s'] rights, including the dates

4  and places of that involvement or conduct."  (*Id.*)  For relief, Plaintiffs seek $1,000,000.

5  (*Id.*)  There are no attachments to the form Complaint.

6      **D.**    **Analysis**

7      Having reviewed Plaintiffs' Complaint, it does not comply with Rule 8 and does not

8  state any claim upon which relief may be granted.  Even when the Complaint is liberally

9  construed, the Complaint does not provide a simple, concise narrative that sets forth the

10  actions and injuries attributed to Big O Tires or the other Defendant.  Plaintiffs list several

11  laws or theories of recovery for their "Statement of Claim," but that is not enough. (Compl.

12  4.)  The Court needs a simple statement of Plaintiffs' claims to begin to analyze whether it

13  has jurisdiction and whether any claims can proceed.  Therefore, the Court dismisses

14  Plaintiffs' Complaint with leave to amend under Rule 8 and U.S.C. § 1915(e)(2)(ii).  *See,*

15  *e.g.*, *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8

16  dismissal of pro se complaint that "did not allege sufficient facts or jurisdictional basis for

17  any federal claim for relief"); *see also Reed v. Newsom*, No. 3:20-CV-2439-AJB-MDD,

18  2021 WL 2633634, at *3 (S.D. Cal. June 25, 2021) (dismissing complaint under Rule 8

19  where the plaintiff did not link individual defendants to his claims); *Perryman v. Warden*,

20  No. 2:21-cv00421-JDP (PC), 2021 WL 1210461, at *1 (E.D. Cal. Mar. 31, 2021)

21  (dismissing complaint under Rule 8 where plaintiff identified doe defendants but did not

22  "specifically allege[] how either was involved" in violations of his rights).

23  **III.**   **CONCLUSION**

24      For the reasons above, the Court grants Ms. Wentworth's Motion to Proceed IFP

25  (ECF No. 2).  The Court also dismisses the Complaint without prejudice.  To proceed with

26  this case, Plaintiffs must file an amended complaint by **September 3, 2021**.  If Plaintiffs

27  file an amended complaint, it will supersede the current complaint. *Lacey v. Maricopa Cty*,

28  693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint

1  must be complete on its own—without reference to the prior pleading.  Once an amended

2  complaint is filed, the current complaint no longer serves any function.  Therefore, in an

3  amended complaint, as in an original complaint, Plaintiffs must assert each claim and allege

4  each Defendant's involvement in sufficient detail to allow the Court to determine whether

5  the case can proceed.  The amended complaint should be titled "Amended Complaint" and

6  refer to the appropriate case number: No. 21-cv-00737-BAS-AGS.  If Plaintiffs do not file

7  an amended complaint, the Clerk of Court is directed to close this action without further

8  order.

9  **IT IS SO ORDERED.**

10

11  **DATED: August 6, 2021**

12

Hon. Cynthia Bashant
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21cv0737